# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,  :

       Plaintiff,                                 Case No. 3:06-cr-061
                                                       Also 3:12-cv-302

                                                      District Judge Thomas M. Rose
     -vs-                                       Magistrate Judge Michael R. Merz
                                             :

CHRISTOPHER HUNTER,

       Defendant.

---

# ORDER FOR ANSWER

---

Defendant Christopher Hunter has filed a Motion to Vacate which is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Cases. The matter has been referred to United States Magistrate Judge Michael R. Merz pursuant to the General Order of Assignment and Reference for the Dayton location of court.

In the Motion, Defendant alleges ineffective assistance of trial counsel by attorneys Matthew Arntz and William Daly and ineffective assistance of appellate counsel by attorney Kevin Schad. Defendant should be aware that a claim of ineffective assistance of counsel impliedly waives the privilege as to any attorney-client communications relevant to any such claim. *In re Lott*, 424 F.3d 446 (6th Cir. 2005); *Tasby v. United States*, 504 F.2d 332 (8th Cir. 1974); *Randall v. United States,* 314 F.2d 800 (10th Cir. 1963); *United States v. Ballard*, 779 F.2d 287 (5th Cir. 1986); *Laughner v. United States*, 373 F.2d 326 (5th Cir. 1967); *Crutchfield v. Wainwright*, 803 F.2d 1103 (11th Cir. 1986).

It does not plainly appear from the face of the motion, the annexed exhibits, and the prior

proceedings in the case that Defendant is not entitled to relief. Accordingly, it is hereby ORDERED that the United States Attorney shall, not later than November 1, 2012, file an answer conforming to the requirements of Rule 5 of the Rules Governing §2255 Cases. Specifically, said answer shall respond to each allegation made in the Motion, raise any affirmative defenses available to the United States, and state whether Defendant has previously received an evidentiary hearing on any of the matters he now raises or whether he is entitled, in the Government's view, to an evidentiary hearing in this proceeding.

Defendant may, not later than twenty-one days after the Answer is filed, file and serve a reply or traverse to the Answer. If the Government files a motion to dismiss, Defendant's time to file a memorandum in opposition will likewise be twenty-one days from service, as provided in S. D. Ohio Civ. R. 7.2(a).

On the face of the Motion, it appears that an evidentiary hearing will be necessary. If that is the case, the Court will appoint an attorney to represent Defendant if he wishes. Defendant shall notify the Court not later than October 1, 2012, whether he wishes the Court to appoint counsel or whether he wishes to continue to proceed *pro se*.

The Clerk shall serve a copy of this Order and the Motion to Vacate on the United States by way of AUSA Laura Clemmens and upon attorneys Matthew Arntz, William Daly, and Kevin Schad.

September 12, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge