# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,       :

    Plaintiff,      Case No. 3:06-cr-061
                    Also 3:12-cv-302

                     District Judge Thomas M. Rose
   -vs-                 Magistrate Judge Michael R. Merz
                               :

CHRISTOPHER HUNTER,

    Defendant.

# ORDER

This case is before the Court on Defendant's correspondence with the Court received July 1, 2013 (Doc. No. 147). Mr. Hunter explains that in November, 2012, he asked his appointed counsel to add a claim to his pending § 2255 Motion, to wit, that the four points added to his sentencing guideline calculation for drug amount and the four points added for leadership were found by the judge and not by the jury in violation of his rights under the Sixth Amendment. Mr. Hunter explains that, had the motion to amend been made in November, it would have been just a month after he filed the § 2255 Motion and "a month past my year." Mr. Hunter reports that his appointed counsel, Mr. Gounaris, has told him he is too ill to file the motion and intends to withdraw in any event because of Mr. Hunter's dissatisfaction with him. He asks the Court to speak with Mr. Gounaris on his behalf. He asks that the Court appoint other counsel to make the motion to amend.

Upon the filing of the letters, the Court personally called Mr. Gounaris' office, but has not yet been able to speak with him. To resolve the difficulties presented by the situation, the

Magistrate Judge will treat the letters themselves as a motion to amend made November 1, 2012 (the earliest date in November when Mr. Hunter could have spoken with Mr. Gounairs), and decide it on that basis.

Mr. Hunter signed his *pro se* § 2255 Motion on September 6, 2012, which is deemed the filing date under the "mailbox" rule. *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Mr. Hunter's conviction became final on direct appeal on October 7, 2011, the date the United States Supreme Court denied his request for a writ of certiorari (Doc. No. 134). Therefore the one-year statute of limitations in § 2255(f) expired October 7, 2012, and Mr. Hunter's *pro se* § 2255 Motion was timely filed.

However, a motion to amend filed on November 1, 2012, would have been untimely. Assuming Mr. Gounaris had filed at the earliest possible date that Mr. Hunter could have asked him to do so, the motion would still have been outside the statute of limitations. An amendment to a habeas petition or § 2255 motion "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). Mr. Hunter's new claim is different in legal theory from all of the claims he makes in his original Motion. The amendment is therefore barred by the statute of limitations.

The amendment is also barred by its failure to state a claim upon which relief can be granted. In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880

F.2d 887 (6th Cir. 1989). *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980).

The Court reads the claim as made under the *Apprendi-Blakely* line of cases. "[U]nder the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466 (2000), quoting *Jones v. United States,* 526 U.S. 227 (1999). In *Blakely v. Washington*, 542 U.S. 296 (2004), the Court held that any fact which increases the sentence beyond a legislatively-mandated guideline, even if within a statutory maximum for the offense, must be pled as an element in the indictment and proved to the jury beyond a reasonable doubt. However, the four points assessed against Hunter for the amount of drugs involved in his offense and the additional four points assessed for his leadership role did not increase the statutory maximum for his offense. Rather, under the Sentencing Guidelines, they modified the range of recommended sentences within the statutorily prescribed sentence. When enacted, the Guidelines were mandatory, but in *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court severed the unconstitutional section of the Sentencing Reform Act which made the Guidelines mandatory. Sentence in this case was imposed well after *Booker* was decided, so there was no constitutional violation involved in Judge Rose's considering the eight points complained of by Mr. Hunter. Because the amendment would be futile in these sense that it could not withstand a motion to dismiss for failure to state a claim, it should not be allowed.

Accordingly, treating the correspondence from Mr. Hunter as if it were a motion to amend to add a claim made on November 1, 2012, the Motion is DENIED as barred by the statute of limitations and as futile.

July 5, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge